# IN THE UNITED STATES DISTRICT COURT FOR THE WESTER DISTRICT OF MISSOURI CENTRAL DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

 v.

**SOTA ARMS INC. SA15 PISTOL CAL: MULTI SN:007640;**

**SAVAGE 11 RIFLE CAL:243 SN:6096351;**

**NORINCO (NORTH CHINA INDUSTRIES) SKS RIFLE CAL:762 SN:11362867;**

**LITHGOW 1941 RIFLE CAL: UNKNOWN SN:57858;**

**SAVAGE 11 RIFLE CAL:308 SN:G205941;**

**SAVAGE 111 RIFLE CAL:30-06 SN:G445863;**

**WEATHERBY VANGUARD RIFLE CAL:30-06 SN:VS401726;**

**STOEGER M3K SHOTGUN CAL:12 SN:1363372;**

**POF USA (PATRIOT ORDNANCE FACTORY) P-415 RIFLE CAL: MULTI SN:BB-1605165;**

**AERO PRECISION X15 RIFLE CAL: MULTI SN:AR29697;**

**Case No.**

ADVANCED ARMAMENT CORP OF
GEORGIA MPW RIFLE CAL:300
SN:BLK03006;

ROMARM/CUGIR GP WASR 10/63
RIFLE CAL:762 SN:1970BU4307;

WILSON COMBAT UNKNOWN
RIFLE CAL: UNKNOWN
SN:WCC11876;

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:
UNKNOWN SN:37435;

ESSENTIAL ARMS INC J15-F
RIFLE CAL:223 SN:E.A.59581;

SPIKE'S TACTICAL LLC ST15
RIFLE CAL: MULTI SN:KA101872;

LWRC (LEITNER WISE RIFLE CO.
INC.) M6 RIFLE CAL:556 SN:03-
01157;

CMMG INC. MK47 RIFLE CAL:
UNKNOWN SN:KWT00245;

SPIKE'S TACTICAL LLC SL15
RIFLE CAL: MULTI SN:SAR35875;

YANKEE HILL MACHINE CO. INC.
YHM-15 RIFLE CAL: MULTI
SN:YH012256;

COLT 1911 PISTOL CAL: 45
SN:95719;

ROMARM/CUGIR PSL-54C RIFLE
CAL:762 SN:F-2995-77;

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:30
SN:2208550;

HARRINGTON AND RICHARDSON
176 SHOTGUN CAL:10
SN:AS253297;

HS PRODUCT (IM METAL) XDM
PISTOL CAL:9 SN:MG0709149;

BENELLI S. PA. M2 SHOTGUN
CAL:12 SN:M767767R;

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:30
SN:1359571;

SPRINGFIELD ARMORY,
GENESEO, IL M1A RIFLE CAL:762
SN:308519;

JOE BOB OUTFITTERS, LLC ML-45
PISTOL CAL: UNKNOWN SN:KS45-
00713;

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:30-06
SN:1180301;

HS PRODUCT (IM METAL)
HELLCAT PISTOL CAL:9
SN:AT234926;

SPIKE'S TACTICAL LLC
CRUSADER PISTOL CAL:
UNKNOWN SN:DV-013897;

MOSIN-NAGANT UNKNOWN
RIFLE CAL:762 SN:494;

3

OVIEDO UNKNOWN RIFLE CAL:
UNKNOWN SN:01-40569;

WESSON ARMS, DAN CCO
BOBTAIL PISTOL CAL:45
SN:1501853;

SMITH & WESSON 1000 SHOTGUN
CAL:12 SN:FB52468;

REMINGTON ARMS COMPANY,
INC. UNKNOWN RIFLE CAL:30-06
SN:3290208;

KIMBER PRO CRIMSON CARRY II
PISTOL SN:KR186937;

REMINGTON ARMS COMPANY,
INC. UNKNOWN RIFLE CAL:30-06
SN:3501459;

SAVAGE 416 RIFLE CAL:22
SN:204048;

HS PRODUCT (IM METAL)
HELLCAT PISTOL CAL:9
SN:AT263662;

F.N. (FN HERSTAL) UNKNOWN
SHOTGUN CAL:12 SN:12AZX10383;

MOSSBERG 44 RIFLE CAL:22
SN:143424;

SIG SAUER (SIG-ARMS) P938
PISTOL CAL:9 SN:52B191648;

ROMANIA M56 RIFLE CAL:762
SN:RA5052-1960;

4

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:
UNKNOWN SN:4-003318;

RUGER LCP PISTOL CAL:380
SN:371536469;

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:
UNKNOWN SN:1955-08119;

MOSIN-NAGANT UNKNOWN
RIFLE CAL: UNKNOWN SN:523721;

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:30-06
SN:4313648;

REMINGTON ARMS COMPANY 33
RIFLE CAL:22 SN: UNKNOWN;

ROMARM/CUGIR WASR-2 RIFLE
CAL:545 SN:2-200230-9;

UNKNOWN MANUFACTURER
UNKNOWN RIFLE CAL:30-06
SN:286553;

F-1 FIREARMS LLC UNKNOWN
RIFLE CAL: UNKNOWN SN:110-
01002;

SAVAGE 110 RIFLE CAL:30-06
SN:F006872;

JOHNSON AUTOMATICS, INC 1941
RIFLE CAL:30-06 SN:B6502;

ARMSCOR OF THE PHILIPPINES
(SQUIRES BINGHAM) STI
SPARTAN PISTOL CAL:45
SN:S004156;

5

HS PRODUCT (IM METAL) XDS
PISTOL SN:S3822809;

COONAN INC. BLAINE, MN
CLASSIC PISTOL CAL:357
SN:DCDSA1;

SMITH & WESSON UNKNOWN
REVOLVER CAL: UNKNOWN
SN:C275255;

SIG SAUER (SIG-ARMS) P238
PISTOL CAL:380 SN:27A037833;

REMINGTON ARMS COMPANY
INC. 1911 PISTOL CAL:45
SN:960984;

SMITH & WESSON VICTORY
REVOLVER CAL:38 SN:133100;

NORTH AMERICAN ARMS
UNKNOWN REVOLVER CAL:
UNKNOWN SN:L198168;

SMITH & WESSON VICTORY
REVOLVER CAL:38 SN:334821;

SIG SAUER (SIG-ARMS) P226
PISTOL CAL:9 SN:UU651506;

HS PRODUCT (IM METAL) XDM
PISTOL CAL:9 SN:MG702307;

SAUER J.P. (SAUER & SOHN)
UNKNOWN UNKNOWN CAL:
UNKNOWN SN:363925;

SMITH & WESSON 629 REVOLVER
CAL:44 SN:BJH3128;

**RUGER SUPER REDHAWK
REVOLVER CAL:44 SN:551-85507;**

and

**RUSSIAN UNKNOWN REVOLVER
CAL: UNKNOWN SN:V4182;**

Defendants.

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Teresa A. Moore, Acting United States Attorney for the Western District of Missouri, and Nhan D. Nguyen, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 18 U.S.C. § 922 (a)(1) and (6) and (g).

## THE DEFENDANTS *IN REM*

2. The following defendant properties (collectively, the "Defendant Properties") were seized on or about September 17, 2020, in Columbia, Boone County, Missouri, in the Western District of Missouri:

a. Sota Arms Inc. SA15 Pistol CAL: Multi SN:007640;

b. Savage 11 Rifle CAL:243 SN:6096351;

c. Norinco (North China Industries) SKS Rifle CAL:762 SN:11362867;

d. Lithgow 1941 Rifle CAL: Unknown SN:57858;

e. Savage 11 Rifle CAL:308 SN:G205941;

f. Savage 111 Rifle CAL:30-06 SN:G445863;

g. Weatherby Vanguard Rifle CAL:30-06 SN:VS401726;

7

h.        Stoeger M3K Shotgun CAL:12 SN:1363372;

i.        POF USA (Patriot Ordnance Factory) P-415 Rifle CAL: Multi SN:BB-1605165;

j.        Aero Precision X15 Rifle CAL: Multi SN:AR29697;

k.        Advanced Armament Corp of Georgia MPW Rifle CAL:300 SN:BLK03006;

l.        Romarm/Cugir GP WASR 10/63 Rifle CAL:762 SN:1970BU4307;

m.        Wilson Combat Unknown Rifle CAL: Unknown SN:WCC11876;

n.        Unknown Manufacturer Unknown Rifle CAL: Unknown SN:37435;

o.        Essential Arms Inc J15-F Rifle CAL:223 SN:E.A.59581;

p.        Spike's Tactical LLC ST15 Rifle CAL: Multi SN:KA101872;

q.        LWRC (Leitner Wise Rifle Co. Inc.) M6 Rifle CAL:556 SN:03-01157;

r.        CMMG INC. MK47 Rifle CAL: Unknown SN:KWT00245;

s.        Spike's Tactical LLC SL15 Rifle CAL: Multi SN:SAR35875;

t.        Yankee Hill Machine Co. Inc. YHM-15 Rifle CAL: Multi SN:YH012256;

u.        Colt 1911 Pistol CAL: 45 SN:95719;

v.        Romarm/Cugir PSL-54C Rifle CAL:762 SN:F-2995-77;

w.        Unknown Manufacturer Unknown Rifle CAL:30 SN:2208550;

x.        Harrington and Richardson 176 Shotgun CAL:10 SN:AS253297;

y.  HS Product (IM Metal) XDM Pistol CAL:9 SN:MG0709149;

z.  Benelli S. PA. M2 Shotgun CAL:12 SN:M767767R;

aa.  Unknown Manufacturer Unknown Rifle CAL:30 SN:1359571;

bb.  Springfield Armory, Geneseo, IL M1A Rifle CAL:762 SN:308519;

cc.  Joe Bob Outfitters, LLC ML-45 Pistol CAL: Unknown SN:KS45-00713;

dd.  Unknown Manufacturer Unknown Rifle CAL:30-06 SN:1180301;

ee.  HS Product (IM Metal) Hellcat Pistol CAL:9 SN:AT234926;

ff.  Spike's Tactical LLC Crusader Pistol CAL: Unknown SN:DV-013897;

gg.  Mosin-Nagant Unknown Rifle CAL:762 SN:494;

hh.  Oviedo Unknown Rifle CAL: Unknown SN:01-40569;

ii.  Wesson Arms, Dan CCO Bobtail Pistol CAL:45 SN:1501853;

jj.  Smith & Wesson 1000 Shotgun CAL:12 SN:FB52468;

kk.  Remington Arms Company, Inc. Unknown Rifle CAL:30-06 SN:3290208;

ll.  Kimber PRO Crimson Carry II Pistol SN:KR186937;

mm.  Remington Arms Company, Inc. Unknown Rifle CAL:30-06 SN:3501459;

nn.  Savage 416 Rifle CAL:22 SN:204048;

oo.  HS Product (IM Metal) Hellcat Pistol CAL:9 SN:AT263662;

pp.  F.N. (FN Herstal) Unknown Shotgun CAL:12 SN:12AZX10383;

9

qq. Mossberg 44 Rifle CAL:22 SN:143424;

rr. Sig Sauer (Sig-Arms) P938 Pistol CAL:9 SN:52B191648;

ss. Romania M56 Rifle CAL:762 SN:RA5052-1960;

tt. Unknown Manufacturer Unknown Rifle CAL: Unknown SN:4-003318;

uu. Ruger LCP Pistol CAL:380 SN:371536469;

vv. Unknown Manufacturer Unknown Rifle CAL: Unknown SN:1955-08119;

ww. Mosin-Nagant Unknown Rifle CAL: Unknown SN:523721;

xx. Unknown Manufacturer Unknown Rifle CAL:30-06 SN:4313648;

yy. Remington Arms Company 33 Rifle CAL:22 SN: Unknown;

zz. Romarm/Cugir WASR-2 Rifle CAL:545 SN:2-200230-9;

aaa. Unknown Manufacturer Unknown Rifle CAL:30-06 SN:286553;

bbb. F-1 Firearms LLC Unknown Rifle CAL: Unknown SN:110-01002;

ccc. Savage 110 Rifle CAL:30-06 SN:F006872;

ddd. Johnson Automatics, Inc 1941 Rifle CAL:30-06 SN:B6502;

eee. Armscor of the Philippines (Squires Bingham) STI Spartan Pistol CAL:45 SN:S004156;

fff. HS Product (IM Metal) XDS Pistol SN:S3822809;

ggg. Coonan Inc. Blaine, MN Classic Pistol CAL:357 SN:DCDSA1;

hhh. Smith & Wesson unknown Revolver CAL: Unknown SN:C275255;

| iii. | Sig Sauer (Sig-Arms) P238 Pistol CAL:380 SN:27A037833; |
|------|--------|
| jjj. | Remington Arms Company Inc. 1911 Pistol CAL:45 SN:960984; |
| kkk. | Smith & Wesson Victory Revolver CAL:38 SN:133100; |
| lll. | North American Arms Unknown Revolver CAL: Unknown SN:L198168; |
| mmm. | Smith & Wesson Victory Revolver CAL:38 SN:334821; |
| nnn. | Sig Sauer (Sig-Arms) P226 Pistol CAL:9 SN:UU651506; |
| ooo. | HS Product (IM Metal) XDM Pistol CAL:9 SN:MG702307; |
| ppp. | Sauer J.P. (Sauer & Sohn) Unknown Unknown CAL: Unknown SN:363925; |
| qqq. | Smith & Wesson 629 Revolver CAL:44 SN:BJH3128; |
| rrr. | Ruger Super Redhawk Revolver CAL:44 SN:551-85507; and |
| sss. | Russian Unknown Revolver CAL: Unknown SN:V4182. |

The Defendant Properties are presently in the custody of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in the Western District of Missouri.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).   This Court also has jurisdiction over this particular action under 18 U.S.C § 924(d).

4.     This Court has in rem jurisdiction over the Defendant Properties pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1355(b)(1)(B),

incorporating 18 U.S.C. § 981(h) and 21 U.S.C. § 881(j), because the owner of the property is located in this district and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the Defendant Properties are found in this district.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395, because the action accrued in this district and the Defendant Properties are found in this district.

## BASIS FOR FORFEITURE

6.     The Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d) because they were involved in or used in violations of 18 U.S.C. § 922 (a)(6), that is, it is unlawful for any person, except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce.

7.     The Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d) because they were involved in or used in violations of 18 U.S.C. § 922 (g)(9), that is, it is unlawful for any person, who has been convicted in any court of a misdemeanor crime of domestic violence to possess in and affecting commerce, any firearm or ammunition.

8.     The Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d) because they were involved in or used in violations of 18 U.S.C. § 922 (a)(6), that is, it is unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a license importer, licensed manufacturer, licensed dealer, or licensed collector, to knowingly make any false or

12

fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of such sale or other disposition of such firearm or ammunition.

## FACTUAL ALLEGATIONS

9.     On or about July 6, 2004, Scott Hamlin ("Hamlin") pleaded guilty to the misdemeanor of third-degree domestic assault in Randolph County, Missouri, case number 04CR176688.

10.    This conviction qualified as misdemeanor crime of domestic violence ("MCDV") and prohibited Hamlin from possessing firearms or ammunition.

11.    On or about July 22, 2020, law enforcement officers with the Chicago, Illinois, Police Department, recovered a Sig Sauer, model P320, 9mm semi-automatic firearm, serial number M18-072201, from a convicted felon during an arrest.   The firearm was entered into ATF's firearm tracing system.

12.    The trace report listed the original purchaser as Nathan Redelfs ("Redelfs"), who resided in Columbia, Missouri, with an original purchase date of June 25, 2020, from Bass Pro Shops in Columbia, Missouri.

13.    Redelfs sold the firearm and three magazines for $500 to Hamlin on July 10, 2020.

14.    On or about August 20, 2020, Hamlin stated that he remembered purchasing the firearm from Redelfs.

15.    Hamlin stated that he owned the firearm for a few days before he sold it to an unknown male for $500 at a gun show in St. Charles, Missouri.

16.    Hamlin admitted that he regularly visited gun shows.

13

17.     Hamlin was involved in five multiple firearm sale records by Federal Firearm License ("FFL") dealers from 2015 to 2017.   The sale records indicated that Hamlin had purchased 13 firearms from FFLs during that period.

18.     Hamlin maintains a Midwest Gun Trader ("MWGT") website, where he lists his profile name as "Wiredog70."   Hamlin had numerous historical World War I and II era firearms for sale on that website with his telephone number ending in 7702 as the point of contact.   A search of law enforcement databases lists the telephone number ending in 7702 as Hamlin's telephone number.

19.     On September 1, 2020, the MWGT website showed listings for the sale of firearms.

20.     The site listed "Wiredog70" as a "dealer."

21.     The site had the following items for sale with their respective prices:

   a.   Rock Island 1903 $1300;

   b.   Remington 1903 C Shock $1800;

   c.   Remington 1903A3 $1250;

   d.   Ww2 SA Natl match m1 Garand US Navy 308 conversion $2500;

   e.   Type 1 Standard Products M1 $2250;

   f.   Stevens 416 US 22 Trainer $850;

   g.   Mossberg 44a US 22 Trainer $500;

   h.   1918 Black Army Colt 1911 $2400;

   i.   Ithaca 1911A1 $2800;

   j.   Remington Rand Type 2 1911A1 $2500;

   k.   S&W 1917 45 $1100;

   l.   S&W British proof 45acp $1100;

14

m. S&W 38 Victory US Navy $1300; and

n. 1941 Johnson 3006 w/bayonet $6000.

22. As of September 3, 2020, the listing for two additional firearms, a Colt 1911 pistol and an unknown make and model vintage revolver, were gone, indicating that Hamlin may have sold those two firearms.

23. Hamlin and Hamlin's wife, Amanda Hamlin, do not hold FFLs.

24. From in or about February 2020, Hamlin maintained a Facebook page titled "S&M Militaria." The "about" section of the page states, "We specialize in U.S. items & gear from WW1 & WW2. We collect other eras and countries. We buy, sell, and trade. We buy one item or entire collection." The banner for the page lists "Scott Hamlin" with the telephone number ending in 7702, and the "about" section lists a business address on East Winter Street, Columbia, Missouri. That business address is Hamlin's residence.

25. The "S&M Militaria" page included multiple photographs of what appeared to be firearms that were uploaded in May and August 2017. In addition, there was a photograph that was uploaded to the page in February 2020 of boxes of ammunition, stating that they were for sale.

26. On October 18, 2017, Hamlin bought two firearms from a pawn shop in Moberly, Missouri. On November 21, 2017, Hamlin was informed by ATF that he was a prohibited person under 18 U.S.C. § 922(g)(9), because of his qualifying conviction for a MCDV. Hamlin stated he understood. Hamlin was instructed to return the firearms to the pawn shop.

27. The pawn shop representative confirmed that Hamlin returned the firearms on or about November 22, 2017.

15

28. Hamlin emailed the Federal Bureau of Investigation ("FBI"), listing the telephone number ending in 7702 as his telephone number, and requested an explanation as to why he was federally prohibited from purchasing, possessing, or selling firearms. The FBI responded to Hamlin that he is a prohibited person under 18 U.S.C. § 922(g)(9) because of his qualifying conviction for a MCDV.

29. On September 9, 2020, ATF SA Wesley Williamson contacted Hamlin at the telephone number ending in 7702.

30. SA Williamson, in his undercover capacity, and Hamlin had a brief conversation regarding SA Williamson's purchase of a firearm that Hamlin had for sale. Hamlin subsequently sent SA Williamson numerous photographs of firearms.

31. When SA Williamson stated that he was looking for a pistol to purchase, Hamlin replied, "Looking for a pistol? That's probably my cheapest. I do have a German 32acp that would be a little cheaper. Dont really have any rifles cheaper. Unless it's a 22."

32. When SA Williamson stated that he was looking to purchase a semi-automatic firearm, Hamlin replied, "If wanting military and semi auto this would be my cheapest. A usgi 1911 ive got would start at 2500. Up to 6000." Hamlin then sent SA Williamson photographs of firearms.

33. When SA Williamson requested to see the firearms that Hamlin had for sale, Hamlin replied, "I'm in Columbia. I can show you anything I've got. Private collector. Not a dealer."

34. SA Williamson and Hamlin agreed to conduct a firearms transaction the following week.

35. On September 16, 2020, SA Williamson communicated with Hamlin, on the telephone number ending 7702, to purchase firearms. In a text message, Hamlin

16

instructed SA Williamson to come to his residence on East Winter Street, Columbia, Boone County, Missouri, to conduct the transaction.

36. Later that day, SA Williamson traveled to Hamlin's residence and met with Hamlin. SA Williamson followed Hamlin to a bedroom that had firearms on racks and laying against the wall and about the room.

37. Also, in the bedroom was a safe, which Hamlin opened with a combination.

38. Hamlin explained to SA Williamson that he had two different websites and that he goes to gun shows to buy, sell, and trade firearms.

39. Hamlin showed SA Williamson firearms from the room.

40. Amanda Hamlin entered the room and asked Hamlin if he had any pistols for sale. Hamlin responded in the affirmative and directed Amanda Hamlin to bring a white male to the room.

41. Once the white male entered the room, Hamlin began to show the white male and SA Williamson different firearms for sale.

42. The white male did not purchase a pistol, and Hamlin provided the white male a business card and told him to call or text him.

43. After negotiating a price with Hamlin, SA Williamson purchased from Hamlin a Sig Sauer, Model P320, .40 caliber, semi-automatic pistol, serial number 58A042240; and a CZ Scorpion, EVO E S1, 9mm semi-automatic pistol, serial number D320779, for $2,000.

44. SA Williamson handed Hamlin $2,000 in U.S. currency.

45. SA Williamson inquired why Hamlin did not have a store, and Hamlin responded that all the firearms were his personal collection.

46.    After helping SA Williamson carry the two firearms to his vehicle, Hamlin provided SA Williamson with his business card.   On the front of the business card, it listed Hamlin's name and telephone number, with text stating, "We Buy, sell, & Trade" and "Specializing in WW2 U.S. Military items."   On the other side of the card, it stated, "For all your gun, ammo, & gear needs," and "Owner's Scott & Mandi Hamlin…."

47.    On or about September 17, 2020, pursuant to a federal search warrant, the Defendant Properties were seized from Hamlin's residence.

48.    That same day, Hamlin agreed to be interviewed at the Boone County, Missouri, Sheriff's Department ("BCSD"). Hamlin affirmed that he was not in custody.

49.    When asked about the registration plate '3GUN'R' on the Ford pickup truck he drove to BCSD, Hamlin stated that he shoots in gun competitions and that he participated in approximately two matches on average annually.

50.    Hamlin said he had been a firearms collector generally all his life.

51.    Hamlin stated that he was primarily interested in military-style firearms.   Hamlin admitted that he recently obtained a gun rack because he did not have enough room in his safe for all his firearms.

52.    Hamlin stated that he made approximately $70,000 last year, and that his wife, Amanda Hamlin, stays at home and takes care of the children.

53.    Hamlin admitted that he has bought, sold, and traded firearms before to obtain other items that interested him.

54.    Hamlin remembered being alerted by ATF in October 2017 that he was prohibited by federal law from possessing firearms.

18

55.     He recalled returning the firearms to the pawnshop as directed by the ATF agent.

56.     Hamlin stated that he understood then that he was prohibited by federal law from possessing a firearm. Hamlin admitted that he had not filled out an ATF Form 4473, a firearms transaction record, since that time because he knew that he would be denied.

57.     Hamlin recalled making an online inquiry to the FBI requesting an explanation as to why he was prohibited.   Hamlin also stated that he attempted a clemency process through the Missouri Governor's Office to get his record expunged.

58.     Hamlin reviewed his 2004 guilty plea form from Randolph County, Missouri, and stated that his initials and signature on the form appeared to be his.

59.     Hamlin admitted that the firearm sale advertisement listings for 'Wiredog70' on the MWGT account were his.

60.     Hamlin admitted that he recently traded a 1911-type pistol, and subsequently deleted the advertisement from the MWGT.

61.     Hamlin admitted that he maintained the Facebook page "S&M Militaria." Hamlin admitted to buying, selling, and trading military surplus items. Hamlin further stated that he goes to gun shows and sells military surplus items.

62.     When asked if he has sold any other firearms, other than the one recovered in Chicago, Illinois, on July 22, 2020, Hamlin replied, "I've sold guns before at gun shows."

63.     When asked how long Hamlin retained a firearm after he purchased it, Hamlin replied that if he likes the firearm, he keeps it, but if he shoots it and does not like it, he sells it.   Specifically, when asked why he did not keep the Sig Sauer

19

firearm that Redelfs sold to him, Hamlin stated he did not like the size and recoil of that firearm.

64. Hamlin stated that he has built "ARs" before and test-fired them to ensure their functionality.

65. Upon information and belief, "ARs" is shorthand for assault rifles.

66. Hamlin stated that he has been buying firearms for as long as he can remember. Hamlin explained that he had went to gun shows in the past, and that he would sell or trade his firearms at the gun shows if he found something that interested him more.

67. Hamlin estimated that he sells six to 12 annually. Hamlin agreed that this estimate was low.

68. During Hamlin's interview at BCSD, agents serving the federal search warrant at Hamlin's residence requested the combination to Hamlin's safe located in his gunroom. Hamlin initially agreed to provide the combination, but then requested information on disposition of his seized property.

69. Hamlin asked why he was not being offered the option to give the firearms and ammunition to a family member, rather than them being seized.

70. When asked again for the safe combination, which he later provided, Hamlin requested his options. When asked to clarify his request, Hamlin for the first time stated that all the firearms were his wife's, Amanda Hamlin.

71. Hamlin asked again if there was a way that he could dispose of his firearms to a friend or family member.

72. When asked if he has sold any firearms from his MWGT account, Hamlin replied, "No." When asked if he has had any inquires to purchase firearms from his MWGT sale advertisements, Hamlin responded that an individual inquired

20

about one firearm from his MWGT sale advertisement. The individual subsequently came to his residence on September 16, 2020, and Hamlin sold him a CZ scorpion pistol and a Sig Sauer pistol for $2,000.

73. When asked if the individual came to Hamlin's residence with the intention of purchasing two firearms from Hamlin, Hamlin replied, "I don't think so." When asked his interpretation of why the individual was coming to buy firearms from Hamlin, Hamlin replied that the individual was looking for a historical firearm to purchase for his father. When the individual was not interested in the historical firearms that Hamlin had for sale, Hamlin offered to sell his entire collection to the individual.

74. An envelope containing $2,000 was recovered from Hamlin's safe. The U.S. currency serial numbers matched the serial numbers of the funds expended by SA Williamson during his purchase of the two firearms from Hamlin on September 16, 2020.

75. When asked how many firearms he had purchased from Redelfs, Hamlin stated "a couple."

76. Hamlin stated that since being advised in 2017 by ATF that he is a prohibited person, he primarily purchases his firearms from gun shows, Armslist, MWGT, and private individuals.

77. The firearms were not manufactured in the state of Missouri. Therefore, the firearms had to cross at least one state line before Hamlin's and Amanda Hamlin's possession of them.

78. On October 2, 2020, pursuant to a federal search warrant of Hamlin's cellular telephone, a conversation from 2017 was recovered in which Hamlin spoke with a representative from an FFL. In that conversation, Hamlin arranged to

purchase and retrieve the firearm from the FFL and used Amanda Hamlin to complete the paperwork. Hamlin wrote, "Ok. I'm giving it to Mandi. She can do the 4473 right?" To which, the FFL representative responded, "Yes she can. I think she did the last one."

79. The trace report for one of the firearms seized from Hamlin's residence listed the original purchaser of a Colt 1911 Pistol CAL: 45 SN:95719, as Amanda Hamlin, who resided at a residence on North Water Street, Huntsville, Missouri 65259, and an original purchase date of February 27, 2020, from Paris Road Family Pawn.

80. Amanda Hamlin listed her address on North Water Street, Huntsville, Missouri 65259 on ATF Form 4473 and affirmed that she was the actual buyer of the firearm.

## CLAIMS FOR RELIEF

### FIRST CLAIM

81. The Plaintiff repeats and incorporates by reference the paragraphs above.

82. By the foregoing and other acts, the Defendant Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) because it is unlawful for any person, except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce.

### SECOND CLAIM

83. The Plaintiff repeats and incorporates by reference the paragraphs above.

84.   By the foregoing and other acts, the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d) because it is unlawful for any person, who has been convicted in any court of a misdemeanor crime of domestic violence to possess, in and affecting commerce, any firearm or ammunition.

## THIRD CLAIM

85.   The Plaintiff repeats and incorporates by reference the paragraphs above.

86.   By the foregoing and other acts, The Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d) because it is unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a license importer, licensed manufacturer, licensed dealer, or licensed collector, to knowingly make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of such sale or other disposition of such firearm or ammunition.

23

WHEREFORE the United States prays that the Defendant Properties be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted

Teresa A. Moore
Acting United States Attorney

By    NHAN NGUYEN    Digitally signed by NHAN NGUYEN
Date: 2021.03.27
12:58:40 -05'00'

Nhan D. Nguyen
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: Nhan.Nguyen@usdoj.gov

24

## <u>VERIFICATION</u>

I, Special Agent Robert L. Crecelius, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs nine through 80 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated  <u>3/27/21</u>

Digitally signed by
ROBERT CRECELIUS
Date: 2021.03.27
12:56:23 -05'00'

Robert L. Crecelius
Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

25